UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                   Case No. 16-CR-159-PP

CHARLES N. EDWARDS,

        Defendant.

---

UNITED STATES OF AMERICA

        Plaintiff,

v.                                                     Case No. 17-CR-190-JPS

TORONSE CARTER,

        Defendant

---

**ORDER DENYING MOTIONS TO REASSIGN A RELATED CRIMINAL CASE (16-CR-59, DKT. NO. 36; 17-CR-190, DKT. NO. 2)**

---

On November 7, 2017, the grand jury returned a three-count indictment against defendant Toronse Carter in <u>United States v. Carter</u>, Case No. 17-cr-190. The clerk's office randomly assigned the case to Judge J. P. Stadtmueller. The next day, the government filed a one-page motion to reassign the case to this court under Criminal Local Rule 13, stating that "[t]he defendant's case is based on a similar set of facts, events, and offenses as U.S. v. Charles Edwards (16-cr-159), which is currently assigned to Judge Pepper. Reassigning the defendant's case will serve the purpose of saving judicial resources, and it will not delay proceedings in either case." Case No. 17-cr-190, Dkt. No. 2. On November 13, 2017, the government filed the same motion in the case that has

been pending before this court since August 2016, <u>United States v. Edwards</u>, Case No. 16-cr-159. Case No. 16-cr-159, Dkt. No. 36. Neither motion provided any facts in support of the request.

Criminal Local Rule 13 of the Local Rules of the Eastern District of Wisconsin provides:

> (a) Conditions for Reassignment. A criminal case may be reassigned to another judge if it is found to be related to a lower numbered criminal case assigned to that judge and each of the following criteria is met:
>
> > (1) all defendants in each of the cases are the same, or, if the defendants are not all the same, the cases are based upon the same set of facts, events or offenses;
> >
> > (2) both cases are pending in this District;
> >
> > (3) the handling of both cases by the same judge is likely to result in the overall saving of judicial resources; and
> >
> > (4) neither case has progressed to the point where reassigning a case would likely delay substantially the proceedings in either case, or the Court finds that the assignment of the cases to the same judge would promote consistency in resolution of the cases or otherwise be in the interest of judgment.

Subsection (b) then requires that a motion requesting reassignment of a case must "set forth the points of commonality of the cases in sufficient detail to indicate that the cases are related within the meaning of subsection (a)[.]" Reassignment is discretionary with the court which has the case with the lower case number, but the court cannot exercise that discretion unless it has a basis for finding that the cases meet the requirements of L.R. 13(a).

Each motion regurgitates the language of the second clause of L.R. 13(a)(1), without further explanation. Neither motion identifies any points of commonality between this court's case (United States v. Edwards, 16-cr-159) and Judge Stadtmueller's case (United States v. Carter, Case No. 17-cr-190).

Because the motion did not provide the information the rule requires, the court reviewed the two indictments to try to find points of commonality. It could find none. The comparison revealed that in this court's case—United States v. Edwards—the grand jury charged defendant Charles N. Edwards with possessing a firearm and cocaine after an incident at 3050 N. Sherman Blvd in Milwaukee. The indictment alleged that Mr. Edwards committed those offenses on August 29, 2016.

In contrast, the grand jury in Judge Stadtmueller's case—United States v. Carter—charged defendant Toronse Carter with several crimes relating to a fire at a BP Gas Station at 3114 N. Sherman Blvd. in Milwaukee; the complaint in that case reveals that Mr. Carter's alleged offenses took place on August 13, 2016. The pleadings show that the cases involve different defendants, allegedly committing different offenses at different locations on different dates. The only point of commonality that the court could find is that the documents allege that both sets of offenses took place on the same street (though at different addresses) in Milwaukee.

Because the government has not shown that the two cases are based on a "similar set of facts, events, and offenses," and because the court is unable to reach that conclusion based on its own review of the cases, the court **DENIES**

**WITHOUT PREJUDICE** the government's motion to reassign a related criminal case. (Case No. 16-cr-159, Dkt. No. 36; Case No. 17-cr-90, Dkt. No. 2).

Dated in Milwaukee, Wisconsin this 20th day of November, 2017.

                                             **BY THE COURT:**

                                           **HON. PAMELA PEPPER**
                                           **United States District Judge**